**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGELIO FUENTES, | No. 12-55873 |
| Petitioner - Appellant, | D.C. No. 5:09-cv-02193-DSF-DTB |
| v. | |
| RALPH M. DIAZ, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 2, 2015
Pasadena, California

Before: REINHARDT and GOULD, Circuit Judges and MOTZ,[**] Senior District Judge.

Rogelio Fuentes appeals the district court's denial of his petition for a writ of

habeas corpus under AEDPA.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

The state trial court excluded Fuentes' confession to Detective Nieves as the product of Nieves' coercive interrogation. Shortly after confessing to Nieves, Fuentes confessed to his girlfriend, whom he requested to see after he confessed to Nieves, and to his mother, whom he requested be brought to the police station after he confessed to Nieves and to his girlfriend. The state trial court admitted Fuentes' confessions to his girlfriend and his mother and the California Court of Appeal affirmed, holding that those confessions were sufficiently removed from the earlier coercion and thus voluntary.

Fuentes argues that the California Court of Appeal's decision was based on two unreasonable factual determinations within the meaning of 28 U.S.C. § 2254(d)(2). First, that he initiated the conversations with his girlfriend and his mother of his own volition; and second, that the environment had changed by the time he confessed to them. Assuming *arguendo* that, as Fuentes contends, these are factual, not legal, questions, we are not "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding[s] [are] supported by the record." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004) (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). We similarly see no error in the state court's treatment of Dr. Ofshe's testimony, let

alone an error that would compel the conclusion "that the state court's fact-finding process was [not] adequate." *Id.*

Fuentes also argues that the California Court of Appeal's decision involved an unreasonable application of clearly established federal law as determined by the Supreme Court, *see* 28 U.S.C. § 2254(d)(1), but he identifies no Supreme Court case that the state court applied unreasonably, and we are aware of none. Fuentes has thus not established that the reasoning of the California Court of Appeal is "inconsistent with the holding in a prior decision of [the Supreme Court]." *Harrington v. Richter,* 562 U.S. 86, 102 (2011).

We also reject Fuentes' claim that excluding evidence of an inmate's alleged confession (to the Hernandez murder) to another inmate deprived him of his right to present a complete defense. Wholly aside from the procedural questions and the issues regarding the standard of review, we agree with the California Court of Appeal's determination that the alleged confession was not trustworthy. Thus, its exclusion did not violate Fuentes' due process rights. *See, e.g.*, *Christian v. Frank*, 595 F.3d 1076, 1084–86 (9th Cir. 2010) (explaining that, under existing precedent, the trustworthiness of proffered evidence is critical to determining whether its admission is constitutionally compelled).

Because we find no individual error, we also reject Fuentes' cumulative error claim.

\* \* \*

The district court's judgment is **AFFIRMED.**